# In the United States Court of Federal Claims

No. 09-125C

(Filed: March 25, 2009)

_____

|  |  |  |
|---|---|---|
| NEQ, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Motion to supplement the administrative |
| | * | record; *Esch* factors – tension with |
| THE UNITED STATES, | * | Supreme Court precedent; *Murakami*; |
| | * | *Impresa Construzioni* construed; Motion |
| Defendant, | * | granted, in part, and denied, in part. |
| | * | |
| and | * | |
| | * | |
| LATA-KEMRON REMEDIATION, LLC, | * | |
| | * | |
| Defendant-Intervenor. | * | |

_____

**ORDER**

_____

*William E. Hughes, III*, Whyte Hirschboeck Dudek S.C., Milwaukee, WI, for plaintiff.

*Michael N. O'Connell, Jr.*, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

*Pamela Jo Mazza*, Piliero Mazza PLLC, Washington, D.C., for defendant-intervenor.

**ALLEGRA Judge:**

In this post-award bid protest action, plaintiff, on March 16, 2009, moved to supplement the administrative record and conduct discovery. It sought to include four documents (or categories thereof) in the record: (i) the source selection decision in another solicitation claimed to be "identical" to the solicitation in question; (ii) an affidavit by NEQ's vice president of operations, providing information designed to rebut the agency's view of its needs; (iii) all written communications between the contracting officer and the technical evaluation panel relating to the agency's corrective action in response to NEQ's Government Accountability Office protest; and (iv) all written communications between the agency and the awardee during the period between August 22, 2008, and February 3, 2009. In addition, plaintiff sought leave to

conduct a limited deposition of the contracting officer responsible for the procurement at issue. On March 18, 2009, defendant filed its response to plaintiff's motion.  Therein, it indicated that there are only two electronic messages responsive to plaintiff's communication requests and that it was not opposed to including those messages in the administrative record.  Defendant, however, vigorously opposed the remainder of plaintiff's requests, including it request to depose the contracting officer.

On March 20, 2009, the court ordered defendant to file the aforementioned electronic messages.  In that same order, it denied the remainder of plaintiff's motion.  The court indicated that an explanation of its ruling would be forthcoming.  This, of course, is that explanation.

The court views adding the two electronic messages in question as not supplementing the administrative record, *per se*, but merely as ensuring the completeness of the record.  *See* RCFC App. C ¶ 22.  This is particularly so as the messages in question were before the agency when it rendered its award decision.

Plaintiff's remaining requests, however, seek to supplement the record with materials that were not considered by the agency in rendering its substantive award decision herein.  In seeking the inclusion of those materials, plaintiff invokes several opinions that seem to relax unduly the standard for supplementing the record – so much so, if the court reads them correctly, as to "risk[] converting arbitrary and capricious review into a subtle form of *de novo* review." *ARINC Eng'g Servs., LLC v. United States*, 77 Fed. Cl. 196, 201 (2007).  The court cannot subscribe to this view for the reasons previously outlined in *Murakami v. United States*, 46 Fed. Cl. 731 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005).  The court will not repeat itself here except to reiterate, in particular, its refusal to supplement the record, via discovery, with more information regarding the agency's reasoning for an award, or to otherwise add to the record evidence, not previously possessed by the agency, designed supposedly to improve the court's "understanding" of a case.  As explained in *Murakami*, the theoretical bases for considering such materials are questionable, at best, and derive from portions of the opinion in *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989), that appear to be in heavy tension with numerous Supreme Court precedents.  *See Murakami*, 46 Fed. Cl. at 734-35; *see also Medical Matrix, LLP v. United States*, 2007 WL 5161789, at *4 & n. 10 (Dec. 12, 2007); *ARINC Eng'g*, 77 Fed. Cl. at 201 n.5; *Aero Corp., S.A. v. United States*, 38 Fed. Cl. 408, 410-11 (1997).[1]  At the preliminary status

---

[1] The Supreme Court has repeatedly made clear that "the focal point for judicial review [in cases governed by the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985); *FPC v. Transcontinental Gas Corp.*, 423 U.S. 326, 331-32 (1976); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) ("[I]n cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no *de novo* proceeding may be held.").

conference in this case, the court alerted the parties to the existence of *Murakami*. Plaintiff, however, has failed to address that decision, perhaps recognizing that it dooms the remainder of its motion. In the latter regard, plaintiff is correct.

Nor does *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001) – sometimes cited as the basis for ordering the deposition of contracting officers – assist plaintiff here. To be sure, in that case, the Federal Circuit ordered an agency contracting officer to provide a deposition explaining the basis for his responsibility decision. But, it did so recognizing that the circumstances warranting such a deposition are "rare." *Id*. at 1338. In particular, the court based its decision on several critical grounds that plaintiff seemingly glosses over. First, the court emphasized that, as a predicate to obtaining such a deposition, the plaintiff must overcome the presumption of regularity associated with the agency's decisionmaking process. *Id*. "[T]he agency should not be required to provide an explanation," the Federal Circuit stated, "unless that presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious," adding that a "litigant challenging the presumption necessarily bears a heavy burden" in this regard. *Id*.[2] The court, therefore, did not hold that depositions in bid protest cases should be taken simply to flush out the rationale for an agency's decision – indeed, it made clear that its ruling did not reach that issue. *Id*. at 1338 n.10. Nevertheless, the Federal Circuit opined that "[i]n ordering the deposition of the contracting officer, we wish to make clear that we are not ordering a deposition into the contracting officer's mental process, that is, the thought process by which he made his decision. Such inquiries are inappropriate." *Id.* at 1339. Accordingly, *Impresa* provides only for the extraordinarily limited use of depositions based upon a very specific set of requirements being satisfied – requirements that most certainly are **not** met here. *See also CHE Consulting, Inc. v. United States*, 552 F.3d 1351, 1356 (Fed. Cir. 2008) (disregarding supplementation ordered by this court in concluding, based on "the pre-supplemented record," that the agency decision was not arbitrary and capricious).

There are other sound reasons for denying certain of plaintiff's requests. In particular, the court sees no reason to open this record to source selection information taken from another

---

Recently, the Federal Circuit echoed similar sentiments in emphasizing the limited nature of the record review in bid protest cases. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005). Even in *Esch*, the D.C. Circuit admitted that "the familiar rule that judicial review of agency action is normally to be confined to the administrative record . . . exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny." 876 F.2d at 991.

[2] In concluding that this requirement was satisfied in *Impresa*, the Federal Circuit noted that the contracting officer's responsibility determination was contradicted by court documents already in the record that suggested that the company in question "lack[ed] a satisfactory record of business ethics" because of apparent ties to organized crime. 238 F.3d at 1338. In this regard, the court found that the circumstances presented were "most unusual." *Id*. at 1341.

solicitation, no matter how comparable.  The court cannot perceive how such information could be relevant in determining whether the decision here was arbitrary and capricious, as other courts have held.  *See SDS Int'l v. United States*, 48 Fed. Cl. 742, 747-48 (2001) (refusing to supplement the administrative record to include records from an allegedly related procurement); *see also Spectragraphics Corp.*, 88-1 B.C.A. ¶ 20333, 1987 WL 46036 (1987) (holding similar documents to be irrelevant).  Ruling to the contrary seemingly would pave the way for the introduction of substantial portions of the administrative record from the other solicitation – at least enough to ensure that the source selection decision in that case was read in context.  And why stop there – perhaps there are other solicitations that would tend to show that the award decision here was proper that might be included as well.  For good reason, the court will not even begin to head down this slippery slope.

       These were the reasons that prompted this court to render its March 20, 2009, order, granting, in part, and denying, in part, plaintiff's motion.

s/ Francis M. Allegra  
Francis M. Allegra  
Judge
